IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

GENE L. WILLIAMS,                )
                                 )
        Plaintiff,               )
                                 )
v.                               )    CASE NO. CV106-37
                                 )
LOGAN MARSHALL, Sheriff,         )
et al.,                          )
                                 )
        Defendants.              )
                                 )

## O R D E R

Before the Court are Defendants' Bill of Costs (Doc.
55) and Plaintiff's Objection (Doc. 56). As taxable costs,
Defendants claim $843.42 for court fees.

Plaintiff, an inmate currently incarcerated at Wheeler
Correctional Facility, brought this action under 42 U.S.C.
§ 1983 for denial of medical care while he was incarcerated
at McDuffie County Jail. Plaintiff alleged that he suffered
a heart attack because Defendants did not provide him with
insulin. An independent medical doctor wrote a letter
stating that the medical care provided to Plaintiff was
"unreasonable." (Doc. 30 at 6-7.) On March 17, 2008, this
Court granted Defendants' Motion for Summary Judgment on

procedural grounds, holding that Plaintiff had failed to exhaust his administrative remedies.

Federal Rule of Civil Procedure 54(d)(1) provides that costs "should be allowed to the prevailing party." While there is a general presumption that a district court should award prevailing party costs, it is within the sound discretion of the District Courts to decline to award costs. Chapman v. AI Transp., 229 F.3d 1012, 1038 (11th Cir. 2000) (en banc) (citing Delta Air Lines, Inc. v. August, 450 U.S. 346, 351 (1981)). In determining whether to award costs, the Court may consider factors such as the non-prevailing party's documented inability to pay. Id. at 1039.

After careful consideration of the circumstances in this case, the Court finds that costs should not be awarded. First, Plaintiff filed this case in forma pauperis and has, therefore, provided documentation of his financial inability to pay. Second, Plaintiff's Complaint was neither frivolous nor made in bad faith. To the contrary, Plaintiff presented evidence that he received woefully inadequate medical treatment. Third, Defendants obtained summary judgment based on procedural grounds, not based on the

relative merits of Plaintiff's case. Accordingly, Defendants' Bill of Costs is **DENIED**.

SO ORDERED this 29th day of August, 2008.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA