FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

19 PM 2:30

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| GENE L. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 106-037 |
| | ) | |
| CAPT. DURDEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

After a careful de novo review of the record in this case, the Court concurs, in part, with the Magistrate Judge's Report and Recommendation, to which objections have been filed.

In a Report and Recommendation dated April 26, 2010, Magistrate Judge W. Leon Barfield recommended that Defendants' motion for summary judgment be granted in part and denied in part. Specifically, the Magistrate Judge recommended that a final judgment be entered in favor of Defendants Logan Marshall and Marcus Reynolds but that Plaintiff's deliberate indifference claims against Defendants Imogene Crowder and Chris Durden in their individual capacities proceed to trial. (See generally doc. no. 83.) The Court agrees that Defendants Marshall and Reynolds are entitled to summary judgment for the reasons stated in the Report and Recommendation, but as set forth below, the Court disagrees with the recommendation to deny summary judgment to Defendants Crowder and Durden on the

merits of the deliberate indifference claim.[1]

In making his recommendation concerning Defendants Crowder and Durden, the Magistrate Judge explained:

> [T]o survive Defendants' motion for summary judgment on his claims of deliberate indifference, Plaintiff must produce evidence from which a reasonable jury could conclude: (1) that he had an objectively serious medical need, (2) that Defendants acted with deliberate indifference to that need, and (3) that his injury was caused by Defendants' wrongful conduct. Goebert [v. Lee County], 510 F.3d [1312, 1326 (11th Cir. 2007)]. Although the parties do not present arguments regarding whether Plaintiff's diabetes and heart condition were serious medical needs, construing the facts of the case in the light most favorable to Plaintiff, the Court assumes *arguendo* that these conditions did constitute serious medical needs under the first prong of the Goebert test.
>
> To show that Defendants . . . Crowder, and Durden were deliberately indifferent to his medical needs under the second prong of the Goebert test, Plaintiff must offer some proof that they: (1) were subjectively aware of a serious risk to Plaintiff's health, and (2) that Defendants disregarded that risk by (3) following a course of action which constituted "more than mere negligence." Goebert, 510 F.3d at 1326. In addition, the prisoner plaintiff seeking to show that a delay in medical treatment amounted to deliberate indifference "must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1188 (11th Cir. 1994), *abrogated in part on other grounds by* Hope v. Pelzer, 536 U.S. 730, 739 n.9 (2002)); see also Farrow v. West, 320 F.3d 1235, 1244 n.12 (11th Cir. 2003) ("In Hope v. Pelzer, 536 U.S. 730, 122 S. Ct. 2508, 153 L.Ed.2d 666 (2002), the Supreme Court criticized part of the qualified immunity analysis in Hill, but not Hill's analysis of what constitutes a serious medical need of prisoners.").

(Doc. no. 83, pp. 22-23.)

---

[1] The Court concurs with the Magistrate Judge's analysis concerning the exhaustion of administrative remedies. (Doc. no. 83, pp. 13-17.) Defendants' objections on the exhaustion issue (doc. no. 85, pp. 2-5) are overruled.

2

Although the Court concurs with the Magistrate Judge's analysis through the point at which he determined that there was a genuine issue of material fact concerning whether Defendants Crowder and Durden were subjectively aware of a serious risk to Plaintiff's health (id. at 27), the Court rejects the conclusion in the Report and Recommendation that there is verifying medical evidence in the record to establish that the actions of these two Defendants caused Plaintiff to suffer a detrimental effect. In reaching his conclusion that there was sufficient verifying medical evidence in the record for this case to proceed to trial, the Magistrate Judge relied on a letter submitted by Plaintiff that was written by Dr. Stephen Broadwater, who treated Plaintiff at the hospital following his collapse at the McDuffie County Jail. (See id. at 28 (citing doc. no. 30, Ex. A)). In particular, the Magistrate Judge relied on Dr. Broadwater's letter as the necessary "verifying medical evidence . . . establish[ing] the detrimental effect of the delay in medical treatment." (Id. (citations omitted)). The Magistrate Judge further found that it could rely on the opinions contained in Dr. Broadwater's letter because they could be reduced to admissible form at trial. (Id. at 28 n.11 (citing Macuba v. Deboer, 193 F.3d 1316, 1322-23 (11th Cir. 1999)).)

However, the Magistrate Judge then had occasion to revisit his reliance on Macuba. The Magistrate Judge determined that the information in Dr. Broadwater's letter concerning Plaintiff's statements upon his admission to the hospital that he was an insulin dependent diabetic who had not received his insulin for several days could be relied on under Macuba because it falls within an exception to the hearsay rule outlined at Fed. R. Evid. 803(4). (Doc. no. 86, p. 2.) Nevertheless, the Magistrate Judge also acknowledged that Plaintiff's statements to Dr. Broadwater must be read in conjunction with other representations in Dr.

Broadwater's letter (which is unsworn) to establish the detrimental effect of the delay Plaintiff encountered in receiving his medications. (Id. at 3.) As there was no affidavit from Dr. Broadwater, but in recognition of Plaintiff's pro se status in a case with potentially meritorious claims, the Magistrate Judge allowed Plaintiff an opportunity to supplement the record with an affidavit from Dr. Broadwater. (Id. at 3-4.)

Although Defendants had filed objections to the Report and Recommendation (doc. no. 85), they did not object to the Magistrate Judge's order allowing Plaintiff twenty days to obtain the necessary affidavit from Dr. Broadwater. When no affidavit was forthcoming, the Magistrate Judge afforded Plaintiff one final opportunity to obtain an affidavit from Dr. Broadwater. (Doc. no. 87.) Again, Plaintiff failed to file an affidavit, and he made no effort to communicate with the Court concerning his failure to provide the affidavit. Upon the expiration of two extended periods for obtaining an affidavit, Defendants filed a "Notice Relating to Plaintiff's Response to Court Order," in which they reference a document that Plaintiff apparently served on defense counsel but did not file with the Court. (Doc. no. 88.) According to Defendants' Notice, Plaintiff may have made some sort of request for relief in the document served on counsel, but as the document was not filed with the Court, there is no basis for this Court to take any action on any request for relief that may have been made.[2] Defendants conclude in their Notice that Plaintiff has had ample opportunity to respond to

---

[2]Plaintiff has been specifically instructed, "Requests for action must be in a properly filed motion." (Doc. no. 74, p. 1 (citations omitted).)

4

the motion for summary judgment, and in the absence of the requisite evidence, they are entitled to summary judgment.[3] (Id.) The Court agrees.

As the Magistrate Judge explained in his May 28 and June 29, 2010 Orders, without an affidavit from Dr. Broadwater, the letter submitted by Plaintiff is not sufficient for this case to survive summary judgment. (Doc. nos. 86, 87.) The Court recognizes the potentially meritorious nature of Plaintiff's claims, but despite receiving explicit instructions from the Magistrate Judge and having ample opportunity to garner the necessary affidavit, Plaintiff has simply failed to place the requisite verifying medical evidence in the record to show that any actions taken by Defendants Crowder and Durden caused a detrimental effect to Plaintiff. While it seems logical to assume that failing for days to provide insulin and heart medication to an insulin dependent diabetic with a heart condition would result in the collapse suffered by Plaintiff, this Court is not permitted to rely on assumptions at the summary judgment stage. Nor does Plaintiff's pro se status exempt him from compliance with the applicable summary judgment rules. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a pro se IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."); see also Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002) ("Despite construction leniency afforded pro se litigants, we have nevertheless required them to conform to procedural rules.") In the absence of verifying

---

[3]Plaintiff was long ago provided with instructions concerning the general progression of a civil case, including the rules for opposing motions for summary judgment. (See doc. no. 7.) He also received two notices, one from the Clerk of Court and one from the Magistrate Judge, concerning the rules for responding to a motion for summary judgment. (See doc. nos. 24, 74.)

5

medical evidence from Plaintiff, under applicable Eleventh Circuit case law, Defendants Crowder and Durden are entitled to summary judgment.[4]

Accordingly, the Report and Recommendation of the Magistrate Judge, as modified herein, is **ADOPTED** as the opinion of the Court. Therefore, Defendants' motion for summary judgment is **GRANTED**, this civil action shall be **CLOSED**, and a final judgment shall be **ENTERED** in favor of Defendants Marshall, Reynolds, Crowder, and Durden.

SO ORDERED, this 18th day of August, 2010.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[4] As Defendants Crowder and Durden are entitled to summary judgment on the merits of Plaintiff's deliberate indifference claim, the Court need not address their qualified immunity arguments. To the extent the Magistrate Judge determined that these two Defendants were not entitled to qualified immunity, the court declines to adopt that analysis and specifically declines to reach the now-moot issue of qualified immunity.